**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARCO NUNEZ, )<br>)<br>Plaintiff, )<br>) No. 16 CV 1960<br>v. )<br>) Judge Robert W. Gettleman<br>MANDARICH LAW GROUP, LLP, )<br>and JOHN C. BONEWICZ, )<br>)<br>Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Marco Nunez filed a second amended complaint against defendants Mandarich Law Group ("Mandarich") and John C. Bonewicz ("Bonewicz") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq, and the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/2. Defendants have moved to dismiss the second amended complaint in its entirety under Rule 12(b)(6), arguing that plaintiff's claims are time-barred. For the reasons described below, defendants' motion is granted.

## BACKGROUND[1]

Plaintiff allegedly defaulted on a debt that he owed to Citifinancial. A company called CACH LLC, presumably a debt collection agency, purchased plaintiff's alleged debt and assigned that debt for collection to Bonewicz, an attorney who, through his firm, John C. Bonewicz, P.C., initiated a law suit against plaintiff in the Circuit Court of Cook County at some point in 2015. On November 9, 2015, Bonewicz sent plaintiff a letter on behalf of CACH regarding a potential stipulation to dismiss the lawsuit. Attached to the letter was a proposed

---

[1] The following facts are taken from plaintiff's amended complaint and are assumed to be true for the purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

stipulation to dismiss with leave to reinstate. The letter directed plaintiff to sign the stipulation if he agreed to the terms, which the parties had apparently discussed previously. Plaintiff alleges that the letter violated the FDCPA because in it Bonewicz attempted to collect costs that plaintiff did not owe. Specifically, the letter states that the parties agreed to the following:

> A. That Defendant, Marco A Nunez, admits that he owes $7,751.59 plus costs.
> B. That Defendant and Plaintiff agree to enter into settlement, wherein Defendant agrees to pay the sum of $8,060.59 plus costs.

Doc. 52, Exh. B

In the following paragraphs, the proposed stipulation to dismiss repeats each of these differing figures one time. According to plaintiff, the larger figure includes fees, and the letter violates the FDCPA by attempting to collect them. Additionally, plaintiff argues that the letter violates the FDCPA because the proposed stipulation to dismiss further states, "[t]hat should Defendant default on this agreement; Plaintiff shall be entitled to judgment in the amount of $7,751.59, minus any credits for payments, plus costs." Id. The accompanying letter violates the FDCPA, plaintiff argues, because it does not state that plaintiff would be agreeing to a judgment (in the event of a default) by signing the proposed stipulation to dismiss.[2] Plaintiff's first two complaints named CACH, LLC and Square2 Financial as defendants. The second amended complaint named as defendants, for the first time, John C. Bonewicz and Mandarich Law Group, LLP. Defendants argue that the second amended complaint should be dismissed as time-barred.

---

[2] Noticeably lacking from the second amended complaint is any allegation that defendants violated the ICAA in any way despite plaintiff's claim that the case is brought under the ICAA.

2

**DISCUSSION**

**I.      Legal Standard**

A motion brought under Rule 12(b)(6) challenges the sufficiency of the complaint. Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Though short and plain, the pleading must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." Id.

This standard demands that a complaint contain sufficient factual matter to state a claim that is plausible on its face and allege more than legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When ruling on a Rule 12(b)(6) motion to dismiss, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004).

**II.     Analysis**

Claims alleging liability under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The letter that plaintiff alleges

violates the FDCPA was sent on November 9, 2015.[3]  Plaintiff filed the instant case on February 4, 2016.  Although the case was filed well within the one year statute of limitations, defendants were not named until plaintiff filed his second amended complaint on May 2, 2017.  According to defendants, this delay defeats plaintiff's claim.  Plaintiff attempts to overcome this seemingly insurmountable obstacle by arguing that his second amended complaint relates back to his original, and timely, complaint.  The court disagrees.

Plaintiff first tries to persuade the court that it should not dismiss the complaint based on the statute of limitations because it is an affirmative defense.  Indeed, a statute of limitations argument is an affirmative defense that ordinarily must be pleaded and proved by the defendant.  Fed. R. Civ. P. 8(c)(1); Jay E. Hayden Foundation v. First Neighbor Bank, N.A., 610 F.3d 382, 383 (7th Cir. 2010).  Additionally, "[c]omplaints need not anticipate defenses and attempt to defeat them."  Richards v. Mitcheff, 696 F.3d 635, 637 (7th Cir. 2012).  As a result, the Seventh Circuit has often held that Rule 12(b)(6) is not designed for motions under Rule 8(c)(1).  Id.  In keeping with this principle, plaintiff cautions the court, by citing Cancer Found., Inc. v. Cerberus Capital Mgmt., LP, 559 F.3d 671, 674 (7th Cir. 2009), that "[d]ismissing the complaint as untimely at the pleading stage is an unusual step" that the court should not take.  Id.  Plaintiff's argument ignores the fact that *the next two sentences* in that opinion read as follows:

> But dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness. We agree with the district court –it is clear from the face of the amended complaint that it is hopelessly time-barred.

Id. at 674—5 (citations omitted); see also Jay E. Hayden, 610 F.3d at 383 ("if it is plain from the complaint that the [statute of limitations] defense is indeed a bar to the suit dismissal is proper without further pleading").

---

[3] It is not clear to the court that the letter does in fact violate the FDCPA, but it has not been asked to decide that issue and will therefore not address it.

Accordingly, where, as here, it is clear on the face of the complaint that the claim is time-barred, dismissal is appropriate. The dismissal should be on the pleadings under Rule 12(c), but that amounts "to the same thing as a dismissal under Rule 12(b)(6)." Richards, 696 F.3d at 637.

Next, plaintiff argues that his claim is not time-barred because his second amended complaint relates back to his original complaint. Federal Rule of Civil Procedure 15(c) allows amendment to a pleading that would otherwise be time-barred when the amendment relates back to the date of the original pleading. Fed. R. Civ. P. 15(c)(1). An amendment that seeks to add a new party relates back when it asserts a claim that arises out of the same conduct, transaction, or occurrence set out in the original pleading, and when the new party, (i) received notice of the action within the time for service such that it will not be prejudiced, *and* (ii) knew or should have known that the action would have been brought against it but for a mistake concerning the party's identity. Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii).

The courts have interpreted Rule 15(c)(1)(C), and the parties appear to agree that in this circuit, the inquiry is controlled by Joseph v. Elan Motorsports Tech. Racing Corp., 638 F. 3d 555 (7th Cir. 2011). Joseph held that the district court may make only two inquiries when deciding whether a complaint amended to add a defendant relates back to the original complaint: (1) "whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant;" and (2) whether "the delay in plaintiff's discovering his mistake impaired the new defendant's ability to defend himself." Id. at 559—60. Defendants argue that plaintiff cannot satisfy this inquiry. The court agrees.

Plaintiff argues that he would have named defendants in his original complaint had it not been for his mistaken belief that "[Bonewicz] had essentially disappeared and was no longer

involved in the state litigation that gave rise to the FDCPA violations." The court assumes, though plaintiff does not say, that plaintiff mistakenly believed that Bonewicz's *firm* had essentially disappeared. This assumption is based on two facts: (1) Bonewicz (the person) was identified as the person responsible for the alleged FDCPA violations in plaintiff's original complaint; and (2) he was deposed by plaintiff. These facts defeat plaintiff's claim that his failure to name Bonewicz as a defendant in his original complaint was a mistake, rather than a deliberate choice.

Plaintiff acknowledges that "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 549 (2010). His claim survives, plaintiff argues, because "a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression." Id. Such a "deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." Id. Unfortunately for plaintiff, his decision not to name Bonewicz was deliberate, but cannot be characterized as mistaken, even under the case law he cites in an attempt to support his argument.

Plaintiff cannot have been mistaken regarding Bonewicz's status or role with regard to the letter that allegedly violates the FDCPA – the letter was written on John C. Bonewicz, P.C. letterhead and was signed by John C. Bonewicz, P.C. The attached proposed stipulation to dismiss plainly and clearly stated that John C. Bonewicz, P.C. represented CACH, and it contained a line on which John C. Bonewicz, P.C. would sign, next to plaintiff, if plaintiff agreed

6

to the terms and returned it. John C. Bonewicz, P.C. initiated the state court claim against plaintiff. In fact, plaintiff deposed Bonewicz while pursuing the instant case. All of this weighs against plaintiff's claim that he was mistaken, but the best evidence that plaintiff was fully aware of Bonewicz's role in the alleged violation is taken from plaintiff's original complaint.

In his original complaint, plaintiff acknowledges that CACH "assigned the debt for collection to an attorney, John C. Bonewicz ('Bonewicz'), who initiated a lawsuit against plaintiff in the Circuit Court of Cook County." Doc. 1. ¶ 9. Plaintiff also acknowledges that Bonewicz sent the letter that allegedly violates the FDCPA on behalf of CACH. Id. at ¶ 18. These statements make clear that plaintiff was in no way mistaken as to Bonewicz's status or role when he filed his original complaint alleging that Bonewicz's actions violated the FDCPA. Unsurprisingly, plaintiff fails to present a plausible argument that he was so mistaken. Instead, plaintiff argues that Bonewicz "had simply dissolved his firm to escape liability, and taken over the litigation through [Mandarich]," and if plaintiff had "been aware of this shell-game at the time the original complaint was filed, he certainly would have named [defendants]." Assuming for the sake of argument that plaintiff's "shell-game" accusation is correct, it does nothing to undermine what plaintiff knew regarding Bonewicz's "status or role in the events giving rise to the claim at issue," that Bonewicz had sent the letter, and is in no way evidence that he "mistakenly [chose] to sue a different defendant based on [any] misimpression." Krupski at 549.

Perhaps realizing his inability to present a cogent theory of mistaken status or role, plaintiff attempts to shift the entire inquiry to focus solely on what defendants knew when plaintiff brought this case; specifically, that they knew of plaintiff's "misimpression." As explained above, plaintiff was not under any misimpression. Plaintiff urges the court to infer that he "would have sued [Bonewicz] but for the fact that his law firm had been dissolved."

7

Even accepting such an inference, it does nothing to support plaintiff's claim that he did not name Bonewicz as a defendant in his original complaint because he was mistaken as to his role in the offense. If anything, it suggests that plaintiff was mistaken as to his ability to recover financially from Bonewicz, and therefore chose not to sue him. Such a mistake, however, does not entitle plaintiff to the benefit of the relation back doctrine.

The facts alleged in both the original complaint and the second amended complaint indicate that plaintiff was well aware of Bonewicz's role in the alleged FDCPA violation – they directly accuse Bonewicz of that violation. Accordingly, Bonewicz had no reason to know that plaintiff would have named him as a defendant had it not been for a mistake. Rather, Bonewicz had every reason to believe that plaintiff made a deliberate choice not to sue him. Indeed, plaintiff's argument that he would have sued Bonewicz if he had not dissolved his firm bolsters this conclusion.

As for Mandarich, plaintiff argues that "[k]ey fact issues remain about the dissolution of [Bonewicz's] firm and his role at and the involvement of [Mandarich]." Assuming, again, that plaintiff is right, his argument has no bearing on either defendant's "status or role in the events giving rise to the claim at issue." Id. Mandarich did not enter its appearance on behalf of CACH until December 15, 2015, which was after Bonewicz dissolved his law firm, and, of course, after Bonewicz sent the letter plaintiff complains of. In an attempt to salvage his relation back theory, plaintiff argues that Bonewicz is personally liable for his conduct as an attorney at his firm and Mandarich is equally liable as his employer. This argument is absurd for two strikingly obvious reasons.

First, if Bonewicz is personally responsible for the actions he took on behalf of John C. Bonewicz, P.C. today, he was equally liable on February 4, 2016, when plaintiff filed his original

complaint. If plaintiff wanted to pursue this argument, he should have named Bonewicz as a defendant from the very beginning. Second, Mandarich was not Bonewicz's employer at the time Bonewicz sent the letter that allegedly violates the FDCPA, John C. Bonewicz, P.C. was. John C. Bonewicz, P.C. is also noticeably absent as a named defendant in plaintiff's original complaint. Plaintiff's attempt to cure the deficiencies of his argument fails.

According to plaintiff, Mandarich ratified Bonewicz's alleged FDCPA violations "by not repudiating the actions he took during the course of litigating the state action." Plaintiff points out that "[r]atification occurs when the principal acquiesces or fails to repudiate the prior acts of an agent." Be that as it may, plaintiff's argument ignores the fact that Bonewicz was not working for Mandarich at the time of the alleged offense, thus there was no principal-agent relationship. Plaintiff claims that Bonewicz "immediately went to work with [Mandarich]" after dissolving his firm. Assuming plaintiff is correct, any principal-agent relationship between defendants formed after Bonewicz allegedly violated the FDCPA. Plaintiff's argument fails. Perhaps realizing this, plaintiff contends that Mandarich is vicariously liable for violations of its employees, and is therefore responsible for Bonewicz's alleged FDCPA violation. Plaintiff cites no authority to support the notion that employers are vicariously liable for actions their employees took prior to their employment, and the court knows of none. Again, plaintiff's argument fails. Because plaintiff fails to meet the second element of Rule 15(c)(1)(C), the court declines to address the prejudice element and grants defendants' motion.

## CONCLUSION

For the foregoing reasons, the court grants defendants' motion (doc. 59 ) in its entirety and dismisses the case.

**ENTER:** **October 19, 2017**

_____
**Robert W. Gettleman
United States District Judge**